Michael Millen
Attorney at Law (#151731)
119 Calle Marguerita Ste. 100
Los Gatos, CA 95032
Telephone: (408) 871-0777
Fax: (408) 516-9861
mikemillen@aol.com

Attorney for Plaintiff

ORIGINAL
FILED

07 JUN 15 PM 2:48

RICHARD W. WIEKING
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KORTNEY BLYTHE,

    Plaintiff,

    v.

CITY OF BERKELEY,

    Defendant.

C 07 03173 WDB

**COMPLAINT FOR CIVIL RIGHTS VIOLATION AND INJUNCTIVE AND DECLARATORY RELIEF;**

**DEMAND FOR JURY TRIAL**

**1. 42 U.S.C. § 1983**
**2. California Civil Code §52.1**

Plaintiff alleges as follows:

1. Plaintiff KORTNEY BLYTHE is a natural person. Motivated by her moral, religious, and political beliefs, plaintiff has regularly engaged in pro-life, anti-abortion speech activities. These speech activities include hand-to-hand leafleting, education about abortion, and holding signs with a pro-life, anti-abortion message. All of these activities occur on public sidewalks or other public fora, where she can convey her message to the public.

2. Defendant CITY OF BERKELEY ("City") is a municipal corporation organized under the laws and Constitution of the State of California, and is a corporate entity capable of suing and being sued. Defendant City maintains and operates the City of Berkeley Police Department which, in the first instance, is responsible for the enforcement of the ordinance in question and the arrest of person alleged to have violated it.

3. **JURISDICTION:**  This Court has jurisdiction over this action pursuant to Title 28 U.S.C. §§1331 and 1343(3) in that the controversy arises under the United States Constitution and under 42 U.S.C. §1983 and 28 U.S.C. §§2201 and 2202.  This Court has authority to award attorneys fees pursuant to 42 U.S.C. §1988.  Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.  Each and all of the acts (or threats of acts) alleged herein were done by defendants, or their officers, agents, and employees, under color and pretense of the statutes, ordinances, regulations, customs and usages of the City of Berkeley.

4. **INTRADISTRICT ASSIGNMENT:**  Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

5. At some point in the past, the City adopted Berkeley Municipal Code §13.52.020 (herein the "Ordinance") which states:

> It is unlawful for any person to enter or go upon or pass over or remain upon any land of another after being personally forbidden to do so by the owner of said property, or by the person entitled to the possession thereof for the time being, or the authorized agent of either. (Ord. 2829-NS § 2, 1947)

6. The Ordinance currently remains in effect, and violation of the Ordinance is a criminal misdemeanor.

7. On or about October 6, 2006, plaintiff was at the U.C. Berkeley campus (the "campus") in the City of Berkeley.  While at the campus she stationed herself in an outdoor area freely and openly accessible to the public and engaged in peaceful, non-disruptive free speech activity for a period of time.  She was then approached by police officers who demanded that she leave the premises.  Plaintiff refused and she was then given a criminal citation accusing her of violating Berkeley Municipal Code §13.52.020.  She was further told that if she did not leave she would be arrested and her signs confiscated.  Plaintiff then left and was unable to engage in her free speech activity at that location.

8. As a result of this criminal citation, plaintiff had to engage counsel to defend her in court against the charges.  Plaintiff was successful in having the charges dismissed and suffered no conviction due to the charges.

9. The Ordinance, both as written and as enforced by defendant, abuses governmental power, denies free speech in a traditional public forum, does not further any important or substantial government interest, and imposes restrictions that are greater than necessary to further any government interest asserted.

10. Any interest advanced by defendant to support the Ordinance is related to the suppression of constitutional and statutory rights and is also minor compared to the infringement of rights worked by the Ordinance.

11. Unless and until defendants are restrained by order of this Court, defendants, acting through their officers, servants, agents and employees, will enforce the Ordinance.

12. Unless and until this Court declares the Ordinance unconstitutional, defendant, acting through its officers, servants, agents and employees, will enforce the Ordinance.

13. All of the acts of the defendant, its officers, agents, servants, and employees, as alleged herein, were done or are threatened to be done under color and pretense of the statutes, ordinances, regulations, customs, official policies, official procedures, and usages of the City of Berkeley and the State of California.

14. Plaintiff is suffering irreparable injury from the enforcement and threat of enforcement of the Ordinance, and will continue to suffer irreparable injury until the threat of enforcement is lifted.

## FIRST CAUSE OF ACTION
### (VIOLATION OF 42 U.S.C. § 1983)

15. Plaintiff incorporates by reference all preceding paragraphs as if fully restated here.

16. The Ordinance is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the plaintiff's affirmative rights to freedom of speech under the United States Constitution, First and Fourteenth Amendments.

17. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

18. The Ordinance, on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

19. The Ordinance, on its face and as applied or threatened to be applied, is a content-based and viewpoint-based restriction on speech.

20. The Ordinance, on its face and as applied or threatened to be applied, does not serve a significant governmental interest.

21. The Ordinance, on its face and as applied or threatened to be applied, does not leave open ample alternative channels of communication.

22. The Ordinance, on its face and as applied or threatened to be applied, is neither narrowly tailored nor the least restrictive means to accomplish any permissible governmental purpose sought to be served by the legislation.

23. The Ordinance fails to adequately advise, notify, or inform persons threatened with possible prosecution for violation of their requirements. Therefore, the Ordinance is unconstitutionally vague, on its face and as applied or threatened to be applied, in violation of the due process guarantee of the Fourteenth Amendment to the United States Constitution.

24. The Ordinance is an irrational and unreasonable statute, imposing unjustifiable restrictions on the exercise of protected constitutional rights. Because the Ordinance is irrational and unreasonable, its application violates the due process guarantee of the Fourteenth Amendment to the Untied States Constitution

25. The Ordinance, on its face and as applied or threatened to be applied, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and similar guarantees in the California State Constitution by denying plaintiff free speech rights allowed to others in similar situations and other protections of state and federal law

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SECOND CAUSE OF ACTION**

**(VIOLATION OF CALIFORNIA CIVIL CODE §52.1)**

26.  Plaintiff incorporates paragraphs 1-25 as if fully set forth herein.

27.  The Ordinance, on its face and as applied or threatened to be applied, interferes with plaintiff's exercise of the right to free speech and to assembly guaranteed by the First Amendment of the United States Constitution and Article I, §2 of the California Constitution, her right to be free from unlawful search and seizure guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §13 of the California Constitution, her rights under California's Unruh Act to be free from unlawful discrimination, and her equal protection rights under the 14th Amendment to the United States Constitution.  This was and is a violation of California Civil Code §52.1.

28.  Unless enjoined by this Court, defendants will continue to infringe plaintiff's constitutionally protected rights and thereby cause irreparable injury, as damages alone cannot fully compensate plaintiff for the ensuing harm.  This threat of injury from continuing violations requires injunctive relief.

WHEREFORE, plaintiff prays that this Court:

(a)  Enter judgment against the defendant;

(b)  Enter a declaratory judgment declaring the acts of the defendant to be a violation of plaintiff's constitutional rights to freedom of speech and due process;

(c)  Issue a declaratory judgment declaring that Berkeley Municipal Code §13.52.020 is unconstitutional on its face;

(d)  Issue a declaratory judgment declaring that  Berkeley Municipal Code §13.52.020 is unconstitutional as enforced and as applied;

Michael Millen, Esq.
119 Calle Marguerita #100
Los Gatos, CA  95032
(408) 871-0777

**COMPLAINT**

Page 5

1       (e) Issue a temporary restraining order, and a preliminary and permanent injunction

2 enjoining defendants, their agents, servants, employees, officers and the City of Berkeley Police

3 Department from enforcing Berkeley Municipal Code §13.52.020;

4       (f) Award plaintiff costs, interest and reasonable attorneys' fees for this action pursuant to

5 42 U.S.C. §1988; and,

6       (g) Order such other and further relief as the Court deems just and proper under the

7 circumstances.

8

9

10 Dated: June 15, 2007

11                              MICHAEL MILLEN, ESQ.

12                              ATTORNEY FOR PLAINTIFF

13

14

15                              **JURY DEMAND**

16       Plaintiff hereby requests a jury trial in this matter.

17

18

19 Dated: June 15, 2007

20                              MICHAEL MILLEN, ESQ.

                               ATTORNEY FOR PLAINTIFF

21

22

23

24

25

26

27

28