UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| **KORTNEY BLYTHE,** | NO.  C 07 03173 MMC |
| Plaintiff,<br>v.<br>**CITY OF BERKELEY,**<br>Defendant. | **[PROPOSED] ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:   September 14, 2007<br>Time:  9:00 a.m.<br>Ctrm:   7 |

     Plaintiff Kortney Blythe's motion for a preliminary injunction against defendant City of Berkeley was heard in Department 7 of this Court on September 14, 2007.  Matthew J. Orebic appeared as attorney for defendant.  Michael Millen appeared as attorney for plaintiff.  The Court has considered the motion, the arguments of the parties and papers in support thereof on file in this action.

     GOOD CAUSE APPEARING THEREFOR, it is hereby ORDERED that plaintiff's motion for preliminary injunction is DENIED for the following reasons:

     1. Plaintiff lacks standing to sue the City of Berkeley under Article III of the Constitution because she has failed to establish a fairly traceable connection between her injury and any action of the City.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).

     2. Plaintiff has also failed to establish standing to seek a preliminary injunction because

1  she has failed to show "the likelihood of substantial and immediate irreparable injury." *City of
2  Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983).

3      3. Plaintiff has failed to establish the required element that she is likely to succeed on the
4  merits of her claim that the City's trespass ordinance must contain an express exception for First
5  Amendment activity in order to be constitutional. Several federal cases, including three United
6  States Supreme Court cases, have rejected overbreadth and vagueness challenges to trespass laws
7  that contained no such exception. *Virginia v. Hicks,* 539 U.S. 113, 119 n. 2 (2003) (trespass
8  ordinance with no exceptions); *Adderley v. Florida,* 385 U.S. 39, 41-42 (1966) (trespass
9  ordinance with no exceptions); *Bouie v. Columbia*, 378 U.S. 347, 349 (1964) (trespass ordinance
10 with no exceptions); and *Daniel v. City of Tampa*, 843 F. Supp. 1445, 1448 (D. Fla. 1993)
11 (trespass ordinance with no exceptions).

12     4. Plaintiff has also failed to establish the required element that the public would not be
13 harmed by a preliminary injunction barring enforcement of the City's trespass ordinance. On the
14 contrary, the public would likely be harmed if the ordinance is enjoined because the ordinance
15 could no longer be enforced in garden-variety trespass matters on private property. This may
16 leave those complaining of trespass on private property without a remedy.

18 **IT IS SO ORDERED.**

19 Dated: _____

21 _____
22 MAXINE M. CHESNEY
   United States District Judge