IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORTNEY BLYTHE, | No. C 07-3173 MMC |
| Plaintiff | **ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| v. | |
| CITY OF BERKELEY, | |
| Defendant | |

Before the Court is plaintiff's motion, filed June 26, 2007, for a preliminary injunction enjoining defendant from enforcing Berkeley Municipal Code § 13.52.020.  Defendant has filed opposition, to which plaintiff has replied.  The matter came on regularly for hearing on September 28, 2007.  Michael Millen appeared on behalf of plaintiff and Matthew Orebic of the Berkeley City Attorney's Office appeared on behalf of defendant.  Having considered the papers filed in support of and in opposition to the motion, and the arguments of counsel, and for the reasons stated on the record, the Court rules as follows.

In order to obtain a preliminary injunction, a party may show either:

"(1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor."

See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 822 (9th Cir. 1993) (citation omitted).  Additionally, under either formulation, "the district court must consider the public

interest as a factor in balancing the hardships when the public interest may be affected." Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted).

Here, with respect to plaintiff's facial challenge as brought pursuant to 42 U.S.C. § 1983, the Court finds plaintiff has not made a sufficient showing under either formulation. See, e.g., Virginia v. Hicks, 539 U.S. 113, 118 n.2 (2003).

With respect to plaintiff's facial challenge as brought under the Unruh Act, Cal. Civ. Code § 52.1, plaintiff has not shown a probability of success on the merits. Although plaintiff has shown the existence of serious questions going to the merits, see, e.g., Ames v. City of Hermosa Beach, 16 Cal.App.3d 146, 152 (1971), plaintiff has not shown the balance of hardships tips sharply in her favor or that the balance of public interests relevant to the claim weigh in favor of injunctive relief.

In particular, plaintiff has not shown a likelihood that she will be arrested again under § 13.52.022 were she to engage in the same or similar conduct. See, e.g., City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983). Plaintiff offers no evidence that arrests for similar conduct were made under § 13.52.020 either before or in the 12 months following her arrest, nor has she offered any other evidence suggesting a likelihood of recurrence. Absent a showing of the likelihood of recurrence, the balance of hardships does not tip sharply in plaintiff's favor. See id. Additionally, with respect to the public interest, although the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," see Elrod v. Burns, 427 U.S. 347, 373 (1976) (citation omitted), plaintiff here has made no showing that her First Amendment rights have been abridged. Indeed, plaintiff has not addressed in any manner the constitutionality of the University's policy underlying the campus police department's request that plaintiff cease her activities on campus.

//
//
//

**CONCLUSION**

Accordingly, plaintiff's motion for a preliminary injunction is hereby DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2007

MAXINE M. CHESNEY
United States District Judge